UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REMOH GARRY, | Case No. 2:23-cv-01655-GMN-EJY |
| Plaintiff | SCREENING ORDER |
| v. | |
| BEAN, et al., | |
| Defendants | |

Plaintiff Remoh Garry ("Plaintiff"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint ("Complaint") under 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, a motion seeking to exceed the page limit, a motion for appointment of counsel, and a motion for a preliminary injunction. (ECF Nos. 1, 1-1, 1-4, 3, 4.)  The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A and disposes of the motions.

I.    **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison

Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT[1]

In his Complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1.)  Plaintiff sues Defendants Interim Warden Bean, Warden Brian Williams, Henry Ruckers, Associate Warden James Scally, and Doe Director of Nursing. (*Id.* at 1–3.)  Plaintiff brings three claims and seeks monetary and injunctive relief. (*Id.* at 4–13.)

Plaintiff alleges the following. On June 22, 2023, Plaintiff called for a "man down" because he had chest pain and thought he was having a heart attack. (*Id.* at 8.)  Prison officials moved Plaintiff to the medical wing of the prison. (*Id.*)  At this point, Plaintiff stated his symptoms were excruciating chest pain, shooting pain down his left arm, shortness of breath, and profuse sweating. (*Id.*)  The medical team only conducted an EKG. (*Id.*)  The nurse administering the EKG told Plaintiff that his heart was enlarged. (*Id.*)  This condition would persist over time, and it occurred because Plaintiff did not receive any medical treatment for his heart. (*Id.* at 7.)  The attending physician said that Plaintiff needed to see a cardiologist, and she ordered an ultrasound and blood work for Plaintiff. (*Id.*)  Plaintiff's condition should have been treated in 2021 when a doctor first discovered it.

---

[1] Inmate Eric Garcia helped Plaintiff prepare the Complaint. (ECF No. 1-1 at 13.)

1   (*Id.*)

2          According to Plaintiff the medical treatment at HDSP is subpar because the nurses

3   are not properly trained. (*Id.* at 4–6.)  For example, despite Plaintiff's family having a

4   history of strokes and heart attacks, the nurses only took Plaintiff's vitals when he arrived

5   at HDSP. (*Id.* at 5.)  They did not administer an EKG or take Plaintiff's blood. (*Id.*)  In

6   addition, there is a pattern of practice at HDSP where the nurses fail to take patient

7   reports. (*Id.* at 6.)  Plaintiff's medical condition occurred because the Defendants failed to

8   follow the proper procedures. (*Id.* at 9.)  Finally, Plaintiff claims when the Defendants

9   blatantly ignored him, they discriminated against him. (*Id.* at 10.)

10          Based on these allegations, Plaintiff raises two claims of Eighth Amendment

11   deliberate indifference to a serious medical need claim. He also raises a "discrimination"

12   claim, but the Court construes it as an Eighth Amendment deliberate indifference to a

13   serious medical need claim because it deals with the ignoring of his medical condition.

14   The Court will treat the Eighth Amendment claims as a single claim because they concern

15   the same allegations.

16          The Eighth Amendment prohibits the imposition of cruel and unusual punishment

17   and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity,

18   and decency.'"  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the

19   Eighth Amendment when he acts with "deliberate indifference" to the serious medical

20   needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an

21   Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the

22   deprivation was serious enough to constitute cruel and unusual punishment—and a

23   subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

24   Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th

25   Cir. 2014).

26          To establish the first prong, "the plaintiff must show a serious medical need by

27   demonstrating that failure to treat a prisoner's condition could result in further significant

28   injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091,

1    1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference

2    prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain

3    or possible medical need and (b) harm caused by the indifference." *Id*.  "Indifference may

4    appear when prison officials deny, delay or intentionally interfere with medical treatment,

5    or it may be shown by the way in which prison physicians provide medical care." *Id*.

6    (internal quotations omitted).  When a prisoner alleges that delay of medical treatment

7    evinces deliberate indifference, the prisoner must show that the delay led to further injury.

8    *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)

9    (holding that "mere delay of surgery, without more, is insufficient to state a claim of

10   deliberate medical indifference").

11        A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal

12   participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A

13   supervisor is only liable for constitutional violations of his subordinates if the supervisor

14   participated in or directed the violations, or knew of the violations and failed to act to

15   prevent them. There is no respondeat superior liability under [§]1983." *Id*.; *see also Iqbal*,

16   556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and §

17   1983 suits, a plaintiff must plead that each Government-official defendant, through the

18   official's own individual actions, has violated the Constitution").

19        To state a claim for supervisory liability for failure to train, "the plaintiff must show

20   that the official was 'deliberately indifferent to the need to train subordinates, and the lack

21   of training actually caused the constitutional harm or deprivation of rights.'" *Hyde v. City

22   of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (quoting *Flores v. Cnty. of L.A.*, 758 F.3d

23   1154, 1159 (9th Cir. 2014)).  To satisfy this standard, the plaintiff must "allege facts to

24   show that the official 'disregarded the known or obvious consequence' that a particular

25   omission in their training program would cause [prison] employees to violate [prisoners']

26   constitutional rights.'" *See id.* (internal brackets and ellipses omitted) (quoting *Connick v.

27   Thompson*, 563 U.S. 51, 61 (2011)).

28        The Court finds that Plaintiff fails to state a colorable Eighth Amendment deliberate

indifference to a serious medical need claim on screening. First, Plaintiff does not allege that any of the Defendants explicitly knew about his heart condition and the subpar medical care at HDSP. He only makes vague allegations that they ignored him. Second, the allegations that the nursing staff were improperly trained does not support a claim against the Defendants--who are all high-ranking officials at HDSP—because Plaintiff fails to show that they were "deliberately indifferent to the need to train [the nurses], and the lack of training caused the constitutional harm or deprivations of rights." *Flores*, 758 F.3d at 1159.  Therefore, the Court dismisses this claim without prejudice. And because this is the only claim in the Complaint, the Court dismisses the entire Complaint without prejudice with leave to amend.

If Plaintiff chooses to amend this claim, he must state how the Defendants, by name, were deliberately indifferent to his health condition.

**III.    MOTIONS ON DOCKET**

**A.    Motion to Exceed Page Limit (ECF No. 3)**

The Court denies as moot Plaintiff's motion to exceed the 30-page limit for civil rights filings by *pro se* inmates (ECF No. 3) because the entire Complaint has been dismissed without prejudice with leave to amend.

**B.    Motion for Appointment of Counsel (ECF No. 1-4)**

Plaintiff files a motion for the appointment of counsel. (ECF No. 1-4.)  In his motion, Plaintiff requests counsel because he states that the issues in the case are complex. (*Id.* at 1–2.)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the

1   petitioner to articulate his claims *pro se* in light of the complexity of the legal issues
2   involved." *Id.*  "Neither of these considerations is dispositive and instead must be viewed
3   together." *Id.*

4         In the instant case, Plaintiff fails to establish that he is likely to succeed on the
5   merits of his case because the Court dismissed the entire Complaint with leave to amend.
6   In addition, the Court does not find that the issues in this case, as pled, are overly
7   complex. Therefore, the Court denies the motion for the appointment of counsel without
8   prejudice.

9         **C.**    **Motion for Preliminary Injunction (ECF No. 4)**

10         Plaintiff moves for a preliminary injunction concerning his health condition. (ECF
11   No. 4 at 1–3.) The Court denies this motion without prejudice because the entire
12   Complaint is dismissed without prejudice with leave to amend.

13         The Court advises Plaintiff that such motions are "extraordinary remed[ies] never
14   awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  "A
15   plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the
16   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
17   the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am.*
18   *Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting
19   *Winter*, 555 U.S. at 20).  Furthermore, under the PLRA, preliminary injunctive relief must
20   be "narrowly drawn," must "extend no further than necessary to correct the harm," and
21   must be "the least intrusive means necessary to correct the harm." 18 U.S.C. §
22   3626(a)(2).  Because there are no pending claims in this action, Plaintiff cannot show that
23   he is likely to succeed on the merits of his case. As such, the Court denies the motion
24   without prejudice.

25   **IV.**    **LEAVE TO AMEND**

26         Plaintiff is granted leave to file an amended complaint to cure the deficiencies of
27   the Complaint. If Plaintiff chooses to file an amended complaint, he is advised that an
28   amended complaint supersedes (replaces) the original complaint and, thus, the amended

complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." If Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, he will file the amended complaint within **30 days** from the entry date of this order. If Plaintiff fails to file an amended complaint by the deadline, the Court will dismiss this action, without prejudice, for failure to state a claim.

## V.   CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the motion for appointment of counsel (ECF No. 1-4) is denied without prejudice.

It is further ordered that the motion to exceed the page limit (ECF No. 3) is denied as moot.

It is further ordered that the motion for a preliminary injunction (ECF No. 4) is denied without prejudice.

It is further ordered that the entire Complaint (ECF No. 1-1) is dismissed without prejudice with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, he will file the amended

complaint within **30 days** from the entry date of this order.

It is further ordered that the Clerk of the Court will send Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS __29__ day of April 2024.

_____
Gloria M. Navarro, Judge
United States District Court

- 9 -